OPINION OF THE COURT
Louis C. Benza, J.
Plaintiffs have moved this court by an order to show cause to annul a certificate of merger of Windings, Inc. into Windings Parent Corp. filed on August 8, 2001 with defendant.
In December 1993, Da Capo al Fine, Ltd. (hereinafter Da Capo) acquired all but two shares of Windings, Inc. held by another corporation. Eight years later, a certificate of merger was filed merging Windings, Inc. into Windings Parent Corp. The reason for the merger, according to the attorney for plaintiffs, was to put Da Capo in a position where it would own 100% of the shares of Windings, Inc. After the certificate of merger was filed, evidently the two outstanding shares of Windings, Inc. *418 were transferred to Da Capo. Plaintiffs’ attorney advances that plaintiffs have terminated the merger plan, as the reason for the merger has evaporated, and now seek to return Windings, Inc. to good standing.
Absent any allegations of a fraudulent filing or a mistake of a material fact, the application must be denied for the following reasons. The application was brought on by an order to show cause without a complaint or petition. As all civil proceedings must be commenced by filing a summons and complaint, a summons with notice, a notice of petition or an order to show cause and a petition (see, CPLR 103, 304), there is no proceeding for this court to act upon. Further, there is no legal mechanism for the annulment of a certificate of merger or resurrection of a former corporate entity by the “unmerging” of a merged corporation. Moreover, in light of the time that has passed from the filing of the certificate of merger and the making of this application, there is no evidence that granting plaintiffs’ application would not be prejudicial to any dealings that may have transpired by the merged corporations and third parties. The affidavit of plaintiffs’ attorney is not an affidavit of an individual with personal knowledge and, therefore, his representation that there is no prejudice to third parties is without merit. Finally, any equitable principles of rescission are inapplicable.